**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 00-4857**

────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PIERRE BERNARD TURNER,

Defendant - Appellant.

────────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge. (CR-
00-138)

────────────

Submitted:  March 16, 2001          Decided:  August 1, 2001

────────────

Before WILKINS and LUTTIG, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

────────────

Affirmed by unpublished per curiam opinion.

────────────

James Wyda, Federal Public Defender, Daniel William Stiller, Assis-
tant Federal Public Defender, Greenbelt, Maryland, for Appellant.
Stephen Matthew Schenning, United States Attorney, Stuart A.
Berman, Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Pierre B. Turner pled guilty to being a felon in possession of a firearm. He received an enhanced sentence as an armed career criminal under 18 U.S.C. § 924(e) (1994). The Government moved to dismiss Turner's appeal pursuant to the appeal waiver in his plea agreement. Although we deny the Government's motion to dismiss, we affirm Turner's conviction and sentence.

Turner contends that the district court lacked the authority to impose a sentence over ten years of imprisonment, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), because his prior convictions were neither charged in the indictment nor proven beyond a reasonable doubt. We find that Apprendi does not apply to Turner's enhanced sentence for being an armed career criminal. United States v. Dorris, 236 F.3d 582, 587-88 (10th Cir. 2000) (holding that § 924(e) sentence not affected by Apprendi).

Accordingly, we affirm Turner's conviction and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2